IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN JEROME ROBERTS, #1267926, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0516-R |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of the offense of injury to a child in the 40th District Court of Ellis County, Texas, in Cause No. 28164CR. (Petition (Pet.) at 2). Punishment was assessed at ten years imprisonment. (*Id.*). The

Court of Appeals affirmed his convictions and sentences. *See Roberts v. State*, No. 10-04-00203-CR (Tex. App. -- Waco Apr. 27, 2005, not pet.).[1]

Petitioner subsequently filed two state applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure -- the first on July 12, 2005, and the second on July 13, 2006. The Texas Court of Criminal Appeals (TCCA) dismissed the first application on April 5, 2006, because Petitioner's direct appeal was pending as of its filing. *See Ex parte Roberts*, No. WR-63,968-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID = 240659. On December 6, 2006, the TCCA denied the second application without written order on the trial court's finding without a hearing. *See* No. WR-63,968-03, http://www.cca.courts. state.tx.us/opinions/Case.asp?FilingID=245529.[2]

In this federal petition, filed on March 21, 2007, Petitioner alleges ineffective assistance of counsel and prosecutorial misconduct.[3]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

---

[1] The docket sheet for Petitioner's direct appeal is available at http://www.10thcoa.courts.state.tx.us./opinions/case.asp?FilingsID-7263.

[2] This Court verified telephonically with the Ellis County clerk's office the date of filing of the state writs.

[3] For purposes of this recommendation, the petition is deemed filed on March 19, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing this federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[4] On April 16, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on April 25, 2007.

Petitioner's conviction became final on May 27, 2005, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Therefore, the one-year period began to run on May 28, 2005, the day after Petitioner's conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired one year later on May 27, 2006. Because that date fell on a Saturday and because Monday was Memorial Day, the limitations period was extended to Tuesday May 30, 2006. *See* Fed.R.Civ.P. 6(a); *Flanagan,* 154 F.3d at 200-01 (applying Rule 6(a)).

While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case. Petitioner's first state application was not "properly filed," and his second state application was not pending in state court during the one-year limitations period. Petitioner filed his first state application on July 12, 2005, 20 days *before* the Court of Appeals issued a mandate in Petitioner's direct criminal appeal on August 1, 2005. The Fifth Circuit Court of Appeals has held that an art. 11.07 application filed, as in this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitations period. *Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004).

Petitioner filed his second state application on July 13, 2006, *after* the expiration of the one-year limitations period. It is well established that a state habeas application does not toll the one-year limitations period when it is filed after the one-year period has expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the federal petition is clearly time barred absent equitable tolling.[5]

---

[5] The pendency of the motion for leave to file petition for writ of mandamus, *see In re Roberts*, WR-63,968-02*,* http://www.cca.courts.state.tx.us/opinions

Petitioner's pleadings, even when liberally construed in accordance with his *pro se* status, do not present circumstances warranting equitable tolling." The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own pleadings reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.

Insofar as Petitioner faults the Texas Court of Criminal Appeals' delay in dismissing his initial art. 11.07 application because a mandate had not be issued as of its filing, his claim should be rejected. Roberts received notice of the deficiency in his application on or about April 5, 2006, the date on which the TCCA dismissed it as premature. As of that date, 55 days remained on the one-year period. Therefore, this is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways until *after* the running of the one-year

---

/Case.asp?FilingID=241021, does not provide any additional statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Nor does the mailbox rule apply to the filing of state writs. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("declin[ing] to extend the mailbox rule to the determination of filing dates for state habeas applications."). Nevertheless, the federal petition would be time barred even if the Court were to rely on the date of mailing of the second art. 11.07 application, July 12, 2005. (*See* Pet's response to show cause order at 1).

5

period. *See Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired).

To the extent Petitioner requests equitable tolling of the limitations period, his claim fares no better. Petitioner's own allegations reflect that he did not act with due diligence. After receiving notice of the April 5, 2006 dismissal of his first state habeas application, Petitioner delayed more than three months before submitting his second state application to the trial court for filing. Petitioner waited an additional three months, following the denial of his second state application, before submitting this federal petition for filing. These unexplained delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 6th day of August, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.